## FRANKLIN BRANCH BANK *vs.* THE STATE OF OHIO.

The sixtieth section of the act of the Ohio Legislature incorporating the State Bank contains a contract for a fixed rule of taxation upon that bank and its branches; and a subsequent act, which attempts to assess a larger tax by a different rule is unconstitutional.

Writ of error to the Supreme Court of Ohio. The State of Ohio, by Mr. Walcott, her Attorney General, brought suit in the Supreme Court of Franklin county against the Franklin Branch of the State Bank of Ohio, claiming the sum of $4,076 30, as due from the bank to the State for taxes assessed pursuant to an act of the Legislature, passed 5th April, 1859. The bank pleaded that the 60th section of the charter was a contract, by which the State bound herself to levy no other or greater taxes on the State Bank or its branches than what are stipulated for in that section, and that the act of 1859, under which the taxes claimed in this case are assessed, is void, as being a violation of the contract. The plaintiff demurred. The court gave judgment against the defendant for the sum claimed. The defendant took the case into the Supreme Court of the State, where the judgment of the county court was affirmed. Thereupon the bank took this writ of error.

*Mr. Stanbery*, of Ohio, for the plaintiff in error.

No argument was made in this court for defendant in error.

Mr. Justice WAYNE. The single question in this case is, whether the 60th section of the statute of Ohio, entitled "An act to incorporate the State Bank of Ohio and other banking companies," passed February 24, 1845, constitutes a contract for a fixed amount and mode of taxation; and whether the statute of Ohio, passed April 5, 1859, entitled "An act for the assessment and taxation of all the property in this State, and for levying taxes thereon, according to its value in money," impairs that contract.

The amount of tax due from the Franklin Branch, &c., &c., upon the basis of the 60th section, was $1,216 42 for the year 1859; the amount assessed against it, under the act of the 24th February, 1855, was $4,076 30 for the same year. The case, of course, turns upon the true construction of the 60th section; and this court has just said, in the case of the *Jefferson Branch of the State Bank of Ohio, &c.*, vs. *Skelly,* (No. 143,) that the 60th section contains a contract for a fixed rule of taxation, and that the act of April 15, 1853, which attempts to assess a larger tax, by a different rule, was unconstitutional. See also the cases of *Knoop* vs. *Piqua Bank,* (16 Howard, 369;) *Dodge* vs. *Woolsey,* (18 Howard, 331;) *Mechanics and Traders' Bank* vs. *Debolt,* (ibid., 380.) In all of these cases this court held, that the 60th section was a contract, and that the various State laws, which attempted to change the rule of taxation fixed by such contract, were void.

We affirm again the unconstitutionality of the law of Ohio under which the tax was assessed and levied against the Franklin Bank, and direct the reversal of the judgment of the Supreme Court of the State of Ohio now before us by a writ of error.

The clerk of this court will, under the direction of this court, issue the proper mandate.