999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joy O. EGESIMBA, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Loraine
Correctional Institution; Norm F. Hills; Mindy
Williams, Defendants-Appellees.
 No. 92-3703.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 Before MILBURN and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order dismissing plaintiff's civil rights case filed under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), and the Equal Pay Act (29 U.S.C. § 206, et seq.). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 Plaintiff, an Ohio citizen, filed a civil rights action in which she alleged that, on two separate occasions, she applied for and was denied promotions within the Loraine Correctional Institution (LCI), because of her race, sex, alienage and political patronage. Plaintiff also asserted pendent state law claims for discriminatory treatment under Ohio Rev.Code Ann. §§ 4112.02 and 4112.99. The three named defendants are the Ohio Department of Rehabilitation and Correction, the warden at LCI and the personnel officer at that institution. Plaintiff sought monetary, declaratory and injunctive relief and sued the two LCI employees in their individual capacities.
 
 
 3
 On March 5, 1992, the defendants filed a motion for partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and 12(h)(3). As grounds for their motion, the defendants contended that the district court could not exercise jurisdiction over plaintiff's fourth cause of action in her complaint (the state law claim under Ohio Rev.Code Ann. § 4112.02), because the Ohio Court of Claims had exclusive, original jurisdiction over that claim. Faced with defendants' motion for partial judgment on the pleadings, plaintiff filed a similar complaint with the Ohio Court of Claims.
 
 
 4
 On March 13, 1992, the defendants filed a second motion for judgment on the pleadings, in which they contended that plaintiff waived her federal and state claims by her filing a civil action against the Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims. In a memorandum opinion and order filed May 11, 1992, the district court granted the defendants' motion. Plaintiff's motion to alter or amend the judgment, filed pursuant to Fed.R.Civ.P. 59, was denied in a marginal entry on June 10, 1992.
 
 
 5
 Upon consideration, we affirm the district court's order. Although the complaint before the Ohio Court of Claims requested a determination of personal immunity under Ohio Rev.Code Ann. § 9.86, the complaint also specifically sought damages under Ohio Rev.Code Ann. §§ 4112.02, 4111.17 and 4112.99. Furthermore, plaintiff's federal complaint was specifically incorporated into the complaint before the Ohio Court of Claims. The district court accurately noted that plaintiff's Court of Claims filing acted as a waiver of all other similar actions in state or federal court. Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities, 825 F.2d 946 (6th Cir.1987) (en banc), cert. denied, 487 U.S. 1204 (1988). The district court further alerted plaintiff to the possibility that she may be able to refile her federal action should the Ohio Court of Claims determine that the actions complained of were committed outside the scope of the defendants' employment.
 
 
 6
 Plaintiff's reliance on Conley v. Shearer, 595 N.E.2d 862 (Ohio 1992), is misplaced. Conley does not address the issue presented in the instant appeal because defendants have never maintained, nor did the district court hold, that state trial courts lack jurisdiction over § 1983 claims. Moreover, the district court did not dismiss plaintiff's complaint on the basis that § 2743.02 provides immunity against federal claims or that plaintiff was required to comply with § 2743.02(F) and make a preliminary filing in the Court of Claims prior to bringing a § 1983 claim. Unlike the Conley decision, plaintiff's § 1983 claims were not dismissed pursuant to Ohio Rev.Code Ann. §§ 9.86 or 2743.02(F). Rather, plaintiff's § 1983 claims were dismissed pursuant to Ohio Rev.Code Ann. § 2743.02(A)(1) because she opted to bring a related action against a state agency in the Court of Claims.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.