103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence J. STANOS, Plaintiff-Appellant,
v.
Richard COOLEY, Defendant-Appellee,
Ohio Department of Natural Resources, Defendant.
 No. 95-4291.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Lawrence J. Stanos, an Ohio citizen, appeals through counsel a district court order dismissing without prejudice his action filed under 42 U.S.C. § 1983 and pendent state tort laws. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Stanos filed this action against the Ohio Department of Natural Resources and one of its employees, Cooley, alleging that Cooley had used excessive force in arresting Stanos for failure to display a fishing license, in violation of the Fourth and Fourteenth Amendments. Stanos also raised state tort claims of assault and battery and infliction of emotional distress. He subsequently voluntarily dismissed his claims against the Department of Natural Resources. A similar action was then filed in the Ohio Court of Claims. Cooley moved for judgment on the pleadings, arguing that Stanos had waived the claims asserted in this action by his Court of Claims filing, pursuant to Ohio Rev.Code § 2743.02(A)(1). Stanos moved the district court to certify a question to the Ohio Supreme Court as to whether this waiver provision applies to civil rights claims. The district court denied the motion to certify the question and granted the motion for judgment on the pleadings. The complaint was dismissed without prejudice to its reinstatement in the event the Ohio Court of Claims determines that Cooley acted outside his duties, with malice, bad faith, or in a wanton or reckless manner, in which case the waiver of these claims under Ohio Rev.Code § 2743.02(A)(1) will be void. This appeal followed. Stanos moved this court to certify the above question to the Ohio Supreme Court, which motion was denied by an order entered on April 22, 1996. In his brief on appeal, Stanos argues that the state of Ohio may not restrict him from seeking restitution for a violation of his constitutional rights and that the district court erred in denying his motion to certify a question to the Ohio Supreme Court.
 
 
 3
 Upon de novo review, we conclude that the judgment on the pleadings must be affirmed, as there is no material issue of fact and Cooley is entitled to judgment as a matter of law. See Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993).
 
 
 4
 The claims raised by Stanos have previously been ruled on by this court. His argument that the state of Ohio may not restrict him from seeking restitution for a violation of his constitutional rights was rejected in Leaman v. Ohio Dep't of Mental Retardation & Development Disabilities, 825 F.2d 946, 952 (6th Cir.1987) (en banc), cert. denied, 487 U.S. 1204 (1988), where we held that the state could provide that civil rights claims against a state employee would be waived in exchange for allowing a suit against the state in the Court of Claims. Stanos argues that our decision was impliedly overruled by the Ohio legislature's enactment of Ohio Rev.Code § 2743.02(F), which provides that the Ohio Court of Claims must first determine that a state employee is not entitled to immunity before the employee can be sued under state tort law. He also argues that the Ohio Supreme Court overruled Leaman in Conley v. Shearer, 595 N.E.2d 862, 869-70 (Ohio 1992), which held that civil rights claims are not subject to the requirements of Ohio Rev.Code § 2743. This court has also rejected these arguments in Thomson v. Harmony, 65 F.3d 1314, 1319 (6th Cir.1995), cert. denied, 116 S.Ct. 1321 (1996), which held that Conley applies only to the requirement of receiving an immunity determination from the Court of Claims under subsection (F) of the Ohio statute, and not to the waiver provisions of subsection (A)(1). Accordingly, we decline the invitation to overrule this court's earlier decision, see id. at 1320, or to certify this question to the Ohio Supreme Court.
 
 
 5
 We also conclude that the district court did not err in denying the motion to certify a question to the Ohio Supreme Court, as that Court declines to answer questions certified by a federal district court which have already been ruled on by this court. See Broadview Sav. & Loan Co. v. Riestenberg, 550 N.E.2d 949 (Ohio 1990) (per curiam).
 
 
 6
 For the above reasons, the district court's order dismissing this action without prejudice is affirmed.