OPINION
Appellant, Felipe Cejas, appeals pro se a decision by the Allen County Court of Common Pleas dismissing his claim for lack of jurisdiction. For the following reasons, we affirm the decision of the trial court.
Felipe Cejas ("Appellant") is an inmate at the Allen Correctional Institution ("ACI"). On December 2, 1997, Appellant injured both of his legs when an exercise machine malfunctioned during its use. Appellant's injuries were treated by Dr. James Baker who is an employee of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Thereafter, Appellant was treated at the Corrections Medical Center, and during this treatment he received physical therapy and evaluations by orthopedic specialists. According to Appellant, these specialists explained that he would need to return for examination in eighteen months in order to sufficiently determine if further medical attention was needed.
Once returned to the ACI, Appellant's alleged demands to schedule follow-up appointments with the orthopedic specialists were denied by Dr. Baker. Furthermore, Appellant contends that Dr. Baker failed to provide him with adequate, proper, and professional medical treatment and that Dr. Baker wrongly jeopardized his health and welfare. Therefore, on June 5, 2000, Appellant filed a Petition Requesting Declaratory and Humane Relief against the ODRC and Dr. Baker ("Appellees"); specifically Appellant requested the court to direct the staff at the ACI to transport him to the University of Ohio [sic] Medical Center for orthopedic evaluation.
In response to Appellant's petition, Appellees filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). The trial court entered judgment granting Appellees motion and dismissing the action for lack of jurisdiction pursuant to R.C. 2743.02(F). From this decision, Appellant appeals asserting the following three assignments of error.
Assignment of Error I
 The trial court erred in holding that it was without jurisdiction to hear this complaint of cruel and unusual punishment denying Appellant his constitutional right to be free from cruel and unusual punishment guaranteed by the United States Constitution Eighth (8th) Amendment binding upon the states by virtue of the Fourteenthment [sic].
 Assignment of Error II
 The trial court erred in holding that Appellees were not responsible for Appellant's serious medical needs denying Appellant his right to be free from cruel and unusual punishment in violation of the United States Constitution Eight [sic] (8th) Amendment binding upon the states virtue [sic] of the Fourteenth Amendment and under the Ohio State Constitution Article I, Section IX.
 Assignment of Error III
 The trial court erred in holding that the Court of Claims has jurisdiction in this case depriving Appellant his constitutional rights of Equal Protection and Due Process guaranteed by the United States Constitution Fourteenth [sic] Amendment and under Ohio Constitutional [sic] Article I, Section XVI.
Because we affirm the trial court on jurisdictional grounds, we are precluded from reaching the merits of Appellant's other assignments of error.
R.C. 2743.02(F) provides the following:
 A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
R.C. 109.36 defines officers and employees as "person[s] who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state."[1] "State" is defined as "the state of Ohio, including but not limited to * * * all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio."[2]
We now turn to the application of these statutory directives to the case herein. Because Dr. Baker is employed by the ODRC, under the express terms of R.C. 2743.02(F) the Court of Claims has exclusive, original jurisdiction to determine whether he is entitled to personal immunity under R.C. 9.86. Moreover, the determination of whether Dr. Baker is immune from suit must be made in the Court of Claims before any action can be taken against the state in a court of common pleas.[3]
For these reasons, we affirm the decision of the trial court.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
SHAW and HADLEY, J.J., concur.
[1] R.C. 109.36(A)(1)(a).
[2] R.C. 109.36(B).
[3] R.C. 2743.02(F); Conley v. Shearer (1992), 64 Ohio St.3d 284,285.