OPINION
{¶ 1} This is an appeal from the Richland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was convicted out of Lorain County and is incarcerated at Mansfield Correctional Institution.
 {¶ 3} Appellant filed this action for money damages and a restraining order against Margaret Bagley, warden at such facility and against other correction personnel.
 {¶ 4} Appellant asserted that appellees were violating Ohio law as to the drug testing policy, that he was targeted because of legal assistance to other inmates, that other rights were violated, that a conspiracy was in place that false reports were made and abusive comments also were uttered. He also indicated that actions were based on racial discrimination in violation of Constitutional provisions.
 {¶ 5} Defendants responded to the motion for TRO and preliminary injunction and moved to dismiss this action under Civ.R. 12 (B)(1) as to jurisdiction residing in the Court of Claims and on other grounds.
 {¶ 6} The trial court determined that the Court of Claims did, in fact, have exclusive jurisdiction and dismissed the complaint.
 ASSIGNMENT OF ERROR {¶ 7} The sole Assignment of Error presented is:
 {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING A PRO S.E. COMPLAINT, ON THE BASIS THAT THE COURT LACKED SUBJECT MATTER JURISDICTION, WHERE THE COMPLAINT PRESENTED SUBSTANTIAL VIOLATIONS OF PLAINTIFF'S FEDERAL CONSTITUTIONAL RIGHTS BY THE DEFENDANTS."
 I. {¶ 9} We disagree with appellant that the trial court committed error in concluding that it lacked jurisdiction in this cause.
 {¶ 10} Actions for monetary damages against the State or its agents may only be brought in the Court of Claims pursuant to R.C. §2743.03 even though ancillary relief is included in the complaint.Conley v. Shearer (1992), 64 Ohio St.3d 284.
 {¶ 11} The Assignment of Error is rejected and the decision of the trial court is affirmed.
BY: Boggins, J., Gwin, P.J. and Wise, J. concur.
Topic: Jurisdiction