OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Arvind Patel, pro-se appeals the decision of the Belmont County Court of Common Pleas dismissing his complaint for lack of subject matter jurisdiction. Because the Court of Claims has exclusive jurisdiction over the determination of whether or not a state employee is immune from civil liability, the trial court properly dismissed the complaint filed by Patel against Defendants-Appellees, Richard Vance and Richard Mansfield, both employees of the State of Ohio. Thus, the decision of the trial court is affirmed.
 {¶ 2} In September, 2006, multiple inspections of the 7-Inn Motel, which was owned and operated by Patel, were conducted by the Neff Fire Department and the Village of Bellaire Police Department. These inspections resulted in the hotel being cited for numerous fire code violations and a temporary restraining order being issued barring further operation of the hotel.
 {¶ 3} On November 9, 2006, Patel filed a complaint against fire safety inspectors Vance and Mansfield, both employees of the State Fire Marshall, alleging that they violated Patel's rights; conspired to harass Patel; committed ethnic intimidation against Patel; testified falsely in court; impersonated an officer; and, intentionally and/or negligently inflicted emotional distress upon Patel.
 {¶ 4} In response, Vance and Mansfield moved to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (6), claiming that they were acting within the scope of their employment. The trial court conducted a hearing on the motion and on March 5, 2007, concluded that it lacked subject matter jurisdiction over the matter until the Court of Claims first decided whether the actions of Vance and Mansfield were outside the scope of their duties as employees of the state. It is from that decision that Patel now appeals.
 {¶ 5} As his sole assignment of error, Patel claims:
 {¶ 6} "The trial court erred in granting defendant-appellee's motion to dismiss."
 {¶ 7} In this case, Vance and Mansfield sought, and the trial court granted, a dismissal under Civ.R. 12(B)(1), which allows a trial court to dismiss a claim for a lack of subject matter jurisdiction. The standard to apply for a dismissal pursuant to Civ.R. *Page 2 
12(B)(1) is whether the plaintiff has alleged any cause of action which the court has authority to decide. McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56, 62. This is generally a question of law which we review independently of the trial court's decision. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.Southgate Dev. Corp. v. Columbia Gas Transm. Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus.
 {¶ 8} In this case, Patel has brought suit for monetary damages against two state employees, albeit in their individual capacities, alleging that various torts were committed by them outside the scope of their employment and that they acted with malicious purpose, in bad faith, and in a wanton or reckless manner. Thus, Patel maintains that despite the fact that Vance and Mansfield were employed by the State of Ohio at the time the alleged acts occurred, they are not immune from civil liability. In response, Vance and Mansfield both claim that their actions were in furtherance of their employment with the state and therefore are immune from civil liability.
 {¶ 9} Under R.C. 9.86, state employees are not liable:
 {¶ 10} "* * * [I]n any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 11} The Court of Claims has "original, exclusive jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." R.C.2743.02(F). Therefore, courts of common pleas do not have jurisdiction to make R.C. 9.86 immunity determinations. Johns v. Univ. of CincinnatiMed. Assoc, Inc. 101 Ohio St.3d 234, 2004-Ohio-0824.
 {¶ 12} Pursuant to R.C. 9.86 and 2743.02(F), if the Court of Claims "determines *Page 3 
that the employee was acting within the scope of employment, in furtherance of the interests of the state, the state has agreed to accept responsibility for the employee's acts." Conley v. Shearer
(1992), 64 Ohio St.3d 284, 287. "In that event, only the state is subject to suit, and the litigation must be pursued" in the Court of Claims. Conversely, if the Court of Claims "determines that the employee's acts did not further the interests of the state, i.e., the employee was acting outside the scope of his employment, maliciously, in bad faith, or in a wanton or reckless manner, the state has not agreed to accept responsibility for the employee's acts and the employee is personally answerable for his acts in a court of common pleas." Id.
{1113} Consequently, under the immunity provisions, the common pleas court lacks jurisdiction until the Court of Claims initially determines that the employee is not immune under R.C. 9.86 and that the common pleas court has jurisdiction. Conley at 287-288. Patel must first file his claims for monetary relief in the Court of Claims to allow that court to determine whether Vance and Mansfield were immune under R.C.9.86. See Conley at 287-288. Patel failed to do so, and the trial court correctly concluded that it lacked jurisdiction over the claims. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1