[Cite as *Miller v. Hace*, 2015-Ohio-3591.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102500**

---

## LOREN J. MILLER, ET AL.

PLAINTIFFS-APPELLEES

vs.

## OFFICER PATRICK B. HACE, #104, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823372

**BEFORE:** McCormack, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 3, 2015

**ATTORNEY FOR APPELLANTS**

John D. Latchney
O'Toole, McLaughlin, Dooley & Percora Co., L.P.A.
5455 Detroit Road
Sheffield, OH 44054


**ATTORNEY FOR APPELLEES**

Tyrone E. Reed
Tyrone E. Reed & Associates
11811 Shaker Blvd., #420
Cleveland, OH 44120

TIM McCORMACK, P.J.:

**{¶1}** Plaintiff-appellee Loren Miller's vehicle collided with defendant-appellant Officer Patrick Hace's police cruiser in the intersection of Broadway Avenue and Miles Avenue in the city of Garfield Heights, Ohio. Miller and the passenger of the vehicle filed a personal injury action against the city of Garfield Heights and Officer Hace. Garfield Heights and Officer Hace moved for summary judgment claiming political subdivision immunity. The trial court denied the motion. Garfield Heights and Officer Hace appealed from that decision.

**{¶2}** Because it is undisputed that the officer was responding to an emergency call at the time of the collision, in order to defeat the defendants' immunity, the evidence presented by plaintiffs must show the officer operated his police cruiser in a willful, wanton, or reckless manner. The evidence presented by plaintiffs, construed in their favor, created at most a genuine issue of material fact as to whether the officer was negligent. It did not create a genuine issue of material fact that the officer acted willfully, wantonly, or recklessly. Reviewing this case de novo under the appropriate summary judgment standard, we have reached a different conclusion and, therefore, reverse the trial court's judgment.

**Substantive Facts and Procedural History**

{¶3}   On August 2, 2013, around 6:15 p.m., Garfield Heights police officer Hace, a K-9 officer, was responding to a mutual aid request from the city of Cleveland police department for a drug detail.   The officer was driving northbound on Broadway Avenue. Miller's vehicle was traveling southbound on Broadway Avenue.   Broadway Avenue northbound is a one-way street with two lanes.   Broadway southbound has three lanes; two of the lanes are right-turn lanes onto Miles Avenue westbound, and one lane is a left-turn lane onto Miles Avenue eastbound.   Miller's vehicle was in the left-turn lane. When her vehicle turned left onto Miles Avenue, it collided with the officer's cruiser, which was traveling through the intersection.   Miller suffered a bruise on her head, and her passenger had head and leg injuries.

{¶4}   Miller and her passenger filed a personal injury complaint against Garfield Heights and Officer Hace, in both his personal and official capacity, claiming bodily injury as well as intentional infliction of emotional distress.   They claimed the officer's operation of his cruiser was negligent, reckless, and willful.   The defendants filed an answer claiming political subdivision immunity.   It also counterclaimed against Miller for injuries suffered by Officer Hace.

{¶5}   The defendants subsequently moved for summary judgment on Miller's complaint on the basis of political subdivision immunity.   The trial court denied summary judgment filed by the defendants, finding that there was a genuine issue of material fact concerning "whether the traffic signal was green at the time of the accident."

**{¶6}** This appeal follows. Garfield Heights raises four interrelated assignments of error on appeal.[1] We address them together in the following.

## Summary Judgment Review

**{¶7}** "Immunity from a civil suit presents a purely legal issue that may properly be determined by summary judgment." *Thorp v. Strigari*, 155 Ohio App.3d 245, 2003-Ohio-5954, 800 N.E.2d 392, ¶ 10 (1st Dist.), citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862 (1992).

**{¶8}** Summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after

---

[1] The four assignments of error state:

1. The trial court erred in denying defendants city of Garfield Heights and Officer Hace's motion for summary judgment on complaint counts one and two, which alleged only negligence.

2. The trial court erred in denying the City of Garfield Heights' (and, to the extent he was sued in his official capacity only, Officer Hace), motion for summary judgment on complaint count three, where the city had immunity for an "emergency call" under R.C. § 2744.02(b)(1)(a).

3. Assuming arguendo that Officer Hace was sued in his individual capacity, the trial court erred in denying defendant police Officer Patrick Hace's motion for summary judgment on complaint count three because he was entitled to immunity under R.C. § 2744.03(a)(6).

4. The trial court erred in denying defendant City of Garfield Heights (and, to the extent he was sued in his official capacity only, Officer Hace), motion for summary judgment on plaintiffs' intentional infliction of emotional distress claim contained in complaint count three, where political subdivisions have immunity from intentional tort claims.

construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C). We review the trial court's judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Our review of summary judgment is de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

### Immunity of Political Subdivision and its Employees

{¶9} Chapter 2744 of the Ohio Revised Code, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and its employees. It is undisputed Garfield Heights is a political subdivision and enjoys immunity under R.C. 2744.02(A)(1). However, that immunity is not absolute. The court is required to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. As pertinent to this appeal, an employee's negligent operation of a vehicle is one of the five exceptions to immunity. R.C. 2744.02(B)(1).[2] However, that statute also provides

---

[2]R.C. 2744.02(B) states:

Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * *.

a defense to liability if the employee involved is a police officer, firefighter, or emergency medical service personnel.[3]

{¶10} Pertinent to the instant case is the defense available when the employee is a police officer: R.C. 2744.02(B)(1)(a) provides that the political subdivision is not liable if a police officer is operating a motor vehicle "while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct."

{¶11} Thus, Garfield Heights is entitled to immunity if it can successfully establish that the collision occurred when Officer Hace was responding to an "emergency call" and his operation of the cruiser did not constitute willful or wanton misconduct. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781 (a political subdivision is not liable for damages caused by a police officer's negligent operation of a motor vehicle if the officer was responding to an emergency call at the time of the accident).

{¶12} Regarding what constitutes an "emergency call," the court in *Colbert* held that an "emergency call" is one that involves "a situation to which a response by a peace officer is required by the officer's professional obligation," and an "emergency call" is not limited to only those situations that are inherently dangerous. Applying the

---

[3]Pursuant to R.C. 2744.02(B)(1), a political subdivision is not liable for an employee's negligent operation of a vehicle (1) when the vehicle is operated by a police officer responding to an emergency call and the operation is not willful or wanton (R.C. 2744.02(B)(1)(a)); (2) when a firefighter proceeds to a fire in progress and the operation is not willful or wanton (R.C. 2744.02(B)(1)(b)); and (3) when emergency medical service personnel respond to a call for emergency medical care, the operation is not willful or wanton and the driver complies with R.C. 4511.03 (R.C. 2744.02(B)(1)(c)).

definition, the court in *Colbert* held that the officers' investigation of drug dealing in that case was an "emergency call."

**{¶13}** In the instant case, Officer Hace was responding to a request for a drug detail. Miller did not dispute that Officer Hace was on an "emergency call." Therefore, regarding Garfield Heights' liability, the only issue is whether there is a genuine issue of material fact as to whether the officer's operation of his police cruiser constituted willful or wanton conduct.

**{¶14}** The forgoing sets forth the liability of a political subdivision. The degree of care in imposing liability for an employee of a political subdivision in his or her individual capacity is slightly different. The standard for individual liability is provided in R.C. 2744.03(A)(6)(b). That statute states that an employee acting within the scope of his or her employment is immune from liability unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or *reckless* manner." (Emphasis added.)

**{¶15}** Thus, while a political subdivision has a full defense to liability when the conduct involved is not willful or wanton, the employee is immune if the conduct involved is not willful, wanton, or reckless. By implication, an employee is immune from liability for acts of ordinary negligence. *See Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 23.

**{¶16}** In *Massillon*, the court also explained that "willful," "wanton," and "reckless" describe distinct standards of care. "Willful misconduct implies an intentional

deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Id*. at paragraph two of the syllabus. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Id*. at paragraph three of the syllabus. "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id*. at paragraph three of the syllabus.

{¶17} "While the question of what constitutes wanton or reckless conduct is normally a jury question, the standard for demonstrating such conduct is a 'high' one." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 32, citing *Fabrey v. McDonald Village Police Dept*., 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994).

{¶18} Finally, we note that in evaluating an officer's operation of a vehicle, the courts have considered factors such as

> the speed limit of the road, the speed the officer was traveling, whether the officer was traveling in the wrong lane; the time of day, the weather, the officer's familiarity with the road, whether there was a safer alternative than continuing the pursuit; whether the officer admitted to disregarding the consequences of his actions, whether the officer's lights and sirens were activated, and whether the political subdivision had a pursuit policy and was that policy followed.

*Adams v. Ward*, 7th Dist. Mahoning No. 09MA25, 2010-Ohio-4851, ¶ 28.

{¶19} With the foregoing analytic framework in mind, we turn to the present case. We review the record to see if the evidence, construed most favorably for the plaintiffs, raised a genuine issue of material fact that would support a finding that the officer operated his police cruiser in a willful, wanton, or reckless manner thereby defeating immunity. We conclude that the evidence, construed in plaintiffs' favor, created at best a genuine issue of material fact as to whether the officer acted negligently, and failed to create a genuine issue of material fact for purposes of immunity.

## Evidence

{¶20} Both Miller and Officer Hace were traveling on Broadway Avenue when their vehicles collided in the intersection of Broadway Avenue and Miles Avenue. Miller was traveling on Broadway Avenue southbound while Officer Hace traveled northbound. The officer's vehicle was traveling through the intersection; Miller's vehicle was making a left turn to Miles Avenue eastbound. Miller alleged the officer ran a red light. The officer claimed he had the green light.

{¶21} The defendants submitted an affidavit by Cleveland police officer David Cornett, a traffic accident reconstructionist. He provided information about the traffic light pattern in the intersection of Broadway Avenue and Miles Avenue. Broadway southbound has a traffic light that displays a green arrow and a yellow arrow for motorists turning left onto Miles Avenue.

{¶22} As part of his investigation, Officer Cornett interviewed a driver, Nehariah Nelson, who was traveling westbound on Miles Avenue in the right lane at the time of the

accident. Miles Avenue has a right-turn arrow for Broadway Avenue northbound, and it works in conjunction with the left-turn arrow for motorists (such as Miller) turning left from Broadway Avenue southbound onto Miles Avenue. According to Nelson, when he approached the intersection, his lane had the green turn arrow and there were vehicles ahead of him. He saw two cars turning left from Broadway Avenue onto Miles Avenue, with a third vehicle (Miller's) behind them. Nelson's light turned red, and his vehicle came to a stop, at which time Miller's vehicle collided with the police cruiser. Officer Cornett stated that if Miles Avenue traffic had a solid red light, as Nelson observed, it means all Broadway traffic, both southbound and northbound, would have been released with a green light — in other words, both northbound and southbound Broadway Avenue traffic would have a green light at the time of the collision.

{¶23} Officer Hace stated in his affidavit that, prior to the impact, he was traveling at a speed of 30 m.p.h., plus or minus 1-2 m.p.h., on Broadway Avenue, which has a speed limit of 35 m.p.h. He stated that he had a green light before entering the intersection, and that Miller pulled her vehicle left in front of him despite his braking and evasive maneuvers to avoid Miller's vehicle.

{¶24} Garfield Heights Lieutenant Dave Bailey, who investigated the accident, also provided an affidavit. He stated that Miller told him she had a "green light." When asked to clarify if it was a "green light" or a "green arrow," she responded that it was a "green light" multiple times.

{¶25} Miller's own affidavit alleged only that the officer ran a red light, without specifying the nature of the light in her lane of traffic. In her written statement to the police on the night of the accident, she stated "my light was green." The only time she stated she had a "green arrow" was at her deposition. In her appellate brief, Miller stated that she had a "top green."

### The Evidence Failed to Create a Genuine Issue of Material Fact for Immunity Purposes

{¶26} To defeat immunity enjoyed by Garfield Heights and Officer Hace, plaintiffs must produce evidence to show the officer's conduct is willful, wanton, or reckless. Miller stated she had a "green light" to the officer investigating the accident, and similarly in her written statement. Although she stated she had a "green arrow" at her deposition, her appellate brief only mentioned a "top green," not a "green arrow." Thus, there is scant evidence presented by plaintiffs to support their position that Miller had the right of way at the time of the collision. Even if we take as true Miller's allegation that the officer entered the intersection against a red light, that allegation alone at best created a genuine issue of material fact as to whether the officer was negligent — in light of the fact that the officer was traveling well within the speed limit and there was no evidence that the police cruiser was not visible to the other motorists.

{¶27} A political subdivision and its police officers, however, are immune from liability for merely negligent operation of a vehicle when a police officer was responding to an emergency call, as here. Plaintiffs alleged no facts showing the officer's operation of his cruiser in response to an emergency call manifested "an intentional deviation from

a clear duty" (willful conduct), "a failure to exercise any care" (wanton conduct), or a "conscious disregard of or indifference to a known or obvious risk of harm that is unreasonable under the circumstances" (reckless conduct). No genuine issue of material fact existed to show that the officer's operation of his cruiser was willful, wanton, or reckless, necessary for plaintiffs' tort claims to survive summary judgment.

{¶28} Miller appears to argue in her appellate brief that she could proceed under a theory that the officer violated his duty of care under R.C. 4511.03. A clarification is necessary regarding R.C. 4511.03. R.C. 2744.02(B)(1) provides full defenses to liability when the employee involved is a police officer, a firefighter, or emergency medical service personnel. However, different standards apply depending on whether the employee is a police officer, firefighter, or emergency medical service personnel. R.C. 2744.02(B)(1)(a)-(c). When emergency medical service personnel are involved, the political subdivision has an additional burden of establishing that the employee's operation of the emergency vehicle complies with R.C. 4511.03. That statute requires a driver of an emergency or public safety vehicle responding to an emergency call to slow down as necessary upon approaching a red light but permit such a driver to proceed cautiously past the red light "with due regard for the safety of all persons using the street or highway." In contrast, no proof of compliance under R.C. 4511.03 is necessary for a police officer or a firefighter for immunity purposes. *See Williams v. Stefka*, 8th Dist. Cuyahoga No. 96145, 2012-Ohio-353, ¶ 16.

**{¶29}** Plaintiffs also alleged intentional infliction of emotional distress in their complaint. It is well established that a political subdivision division enjoys immunity from intentional torts. *Wingfield v. Cleveland*, 8th Dist. Cuyahoga No. 100589, 2014-Ohio-2772, ¶ 9; *Garvey v. Vermilion*, 9th Dist. Lorain No. 10CA009873, 2012-Ohio-1258.

**{¶30}** Appellants' four assignments of error are sustained. The trial court's judgment denying their motion for summary judgment is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR