OPINION
{¶ 1} S.C. is appealing the judgment of the Montgomery County Court Juvenile Division, which declared him to be delinquent and ordered him to serve three and a half years with the Department of Youth Services ("DYS").
 {¶ 2} On April 27, 2004, S.C. was brought before the juvenile court on delinquency complaints. The State alleged that S.C. had committed offenses that if he were an adult would have constituted three counts of burglary, a second degree felony, and one count of receiving stolen property, a fourth degree felony. At the hearing, S.C. admitted responsibility for the alleged offenses. The juvenile court adjudged S.C. to be delinquent.
 {¶ 3} S.C. apologized for his actions and stated that he was remorseful. Moreover, S.C. stated that he had accepted the charges and had been willing to take responsibility for what he had done. The juvenile court then heard from several of the victims of S.C.'s acts. The court then entered its disposition, committing S.C. to DYS for a minimum of one year up to a maximum of his twenty-first birthday for each of the burglary offenses and to a minimum of six months up to a maximum of his twenty-first birthday for the receiving stolen property offense. The juvenile court ordered that the commitments be served consecutively. Neither S.C. nor his counsel objected to the consecutive commitments.
 {¶ 4} S.C. has filed this appeal from his disposition, raising the following as his sole assignment of error.
 {¶ 5} "R.C. 2152.17(F) violates the equal protection clause of theFourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Ohio Constitution because it does not require the juvenile court to make any findings before it imposes a consecutive sentence for a felony offense in a juvenile delinquency proceeding."
 {¶ 6} S.C. argues that R.C. 2152.17(F), which authorizes a juvenile court to impose consecutive commitments on a delinquent juvenile, is unconstitutional because the court does not have to make similar findings as those required by R.C. 2929.14(E)(4) for adult offenders upon whom the court seeks to impose consecutive sentences. However, we need not address this issue as S.C. waived the issue by failing to raise it before the trial court.
 {¶ 7} The equal protection clause of the Fourteenth Amendment to the U.S. Constitution requires the states to give equal protection of the law to each person within its jurisdiction. In analyzing the impact of the equal protection clause of the U.S. Constitution, the Ohio Supreme Court has stated, "`Equal protection of the law means the protection of equal laws. It does not preclude class legislation or class action provided there is a reasonable basis for such classification. The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws. * * *"' Conley v. Shearer, 64 Ohio St.3d 284, 288-289,1992-Ohio-133, quoting Dayton v. Keys (1969), 21 Ohio Misc. 105, 114.
 {¶ 8} Section 2, Article I of the Ohio Constitution contains a similar equal protection clause as the Fourteenth Amendment to the U.S. Constitution, and the standard for determining whether a statute violates this section of the Ohio Constitution is essentially the same as the standard for determining whether the statute violates theFourteenth Amendment. State v. Thompkins, 75 Ohio St.3d 558, 561, 1996-Ohio-264.
 {¶ 9} In this case, S.C. argues R.C. 2152.17(F) is unconstitutional. The statute states in part:
 {¶ 10} "If a child is adjudicated a delinquent child for committing two or more acts that would be felonies if committed by an adult and if the court entering the delinquent child adjudication orders the commitment of the child for two or more of those acts to the legal custody of the department of youth services for institutionalization in a secure facility pursuant to section 2152.13 or 2152.16 of the Revised Code, the court may order that all of the periods of commitment imposed under those sections for those acts be served consecutively in the legal custody of the department of youth services, provided that those periods of commitment shall be in addition to and commence immediately following the expiration of a period of commitment that the court imposes pursuant to division (A), (B), (C), or (D)(1) of this section. * * *" R.C.2152.17(F).
 {¶ 11} S.C. argues that R.C. 2152.17(F) is unconstitutional because it does not require the juvenile court to make any specific findings before ordering a juvenile to serve consecutive commitments. In so doing, S.C. argues R.C. 2152.17(F) violates his rights to equal protection because adults who commit felonies can only be sentenced to consecutive sentences when certain specific findings are made pursuant to R.C. 2929.14(E)(4). S.C. argues that juveniles who commit felonies, such as himself, are similarly situated to adult felony offenders. Thus, S.C. argues that he is not receiving the same level of protection as adult felony offenders because R.C. 2152.17(F) does not require the court to make any findings to justify its imposition of consecutive commitments on juvenile offenders. In fact, R.C. 2152.17(F) makes no requirement of the court to give any rationale for its decision to impose consecutive periods of commitment. So long as the delinquent child has committed two or more acts that would be felonies if committed by an adult and so long as the juvenile's total period of commitment does not exceed his attainment of the age of twenty-one, the trial court can impose consecutive periods of commitment.
 {¶ 12} In this case, the juvenile court ordered S.C. to be committed to the DYS for consecutive periods of time without making any findings such as those that would be required by R.C. 2929.14(E)(4) for adult offenders. Further, the judge in S.C.'s case failed to state his rationale behind the imposition of consecutive commitments. While it is troubling to this court that neither S.C. nor his family would be provided with some sort of explanation for the court's imposition of consecutive commitments, we need not address the asserted unconstitutionality of R.C. 2152.17(F) because S.C. failed to raise this issue before the trial court and has therefore waived the issue on appeal.
 {¶ 13} The Ohio Supreme Court has stated that "[t]he general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' * * * Likewise `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' * * * Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." State v. Awan (1986), 22 Ohio St.3d 120, 122. However, the Supreme Court has cautioned that this waiver doctrine is discretionary and that "[e]ven where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." In re M.D. (1988), 38 Ohio St.3d 149, syllabus.
 {¶ 14} In this case, S.C. concedes that neither he nor his counsel raised the issue of the constitutionality of R.C. 2152.17(F) before the trial court. Instead, S.C. only argues that his trial counsel was ineffective and urges this court to consider the issue. Yet, S.C. has not argued ineffective assistance of trial counsel as an assignment of error on appeal. S.C.'s argument has not convinced this court that it should exercise its discretion to consider the constitutionality of R.C.2152.17(F). It is undisputed that S.C. has raised this issue for the first time on appeal. As the issue was not raised before the trial court, the issue has been waived and we decline to consider it. S.C.'s assignment of error is without merit and is overruled.
 {¶ 15} The judgment of the trial court is affirmed.
Brogan, P.J. and Wolff, J., concur.