DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, which adjudicated appellant, Joshua C., a delinquent child for violations of R.C. 2911.12(A)(1) and 2903.13(A). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} The undisputed facts are as follows. On October 6, 2004, 15-year-old appellant broke into the Sandusky, Ohio home of Ann Sharkey and took CD's, DVD's and clothing. On October 22, 2004, he was charged with delinquency for committing the offense of burglary, a violation of R.C. 2911.12(A)(2). On November 3, 2004, he entered an admission to the charge and was adjudicated delinquent.
 {¶ 3} On January 19, 2005, a complaint was filed in juvenile court again charging appellant with delinquency for assaulting two juvenile corrections officers in violation of R.C. 2903.13(A). One complaint alleged that appellant had spit blood into the eye of a corrections officer and the other complaint alleged that appellant had hit another officer in the head. On January 25, 2005, appellant entered an admission to both charges and he was adjudicated delinquent.
 {¶ 4} A dispositional hearing for all three cases was held on February 7, 2005. For the offense of burglary, the court committed appellant to the Department of Youth Services ("DYS") for a minimum of one year up to a maximum of his twenty-first birthday. For each of the assault offenses, the court committed appellant to DYS for a minimum of six months up to a maximum of his twenty-first birthday. The court ordered that the sentences be served consecutively for a minimum period total of two years or until his twenty-first birthday. Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. Ohio Revised Code Section 2152.17(F) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution because it does not require the juvenile court to make any findings before it imposes a consecutive sentence for a felony offense in a juvenile delinquency proceeding.
 {¶ 6} "II. The trial court erred when it failed to hold a hearing to determine whether [appellant], an indigent juvenile, was able to pay the court costs imposed by the juvenile court and failed to consider community service in lieu of those court costs in violation of R.C.2152.20.
 {¶ 7} "III. [Appellant] was denied his constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States constitution and Article I, Sections 10 and 16 of the Ohio Constitution."
 {¶ 8} In his first assignment of error, appellant contends that R.C.2152.17(F), which authorizes a juvenile court to impose consecutive commitments on a delinquent juvenile, is unconstitutional because the court does not have to make similar findings as those required by R.C.2929.14(E)(4) for adult offenders upon whom the court seeks to impose consecutive sentences.
 {¶ 9} The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires the states to give equal protection of the law to each person within its jurisdiction. In analyzing the impact of the Equal Protection Clause of the United States Constitution, the Ohio Supreme Court has stated, "`Equal protection of the law means the protection of equal laws. It does not preclude class legislation or class action provided there is a reasonable basis for such classification. The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws. * * *'" Conley v. Shearer (1992),64 Ohio St.3d 284, 288-289, quoting Dayton v. Keys (1969),21 Ohio Misc. 105, 114. Section 2, Article I of the Ohio Constitution provides "essentially identical" protection. Park Corp. v. Brookpark,102 Ohio St.3d 166, 2004-Ohio-2237, at 169, quoting Kinney v. KaiserAluminum Chem. Corp. (1975), 41 Ohio St.2d 120, 123. Thus, the standard for determining whether a statute or ordinance violates equal protection is essentially the same under the state and federal Constitutions. Id., citing State v. Thompkins (1996), 75 Ohio St.3d 558,561.
 {¶ 10} R.C. 2152.17 provides:
 {¶ 11} "If a child is adjudicated a delinquent child for committing two or more acts that would be felonies if committed by an adult and if the court entering the delinquent child adjudication orders the commitment of the child for two or more of those acts to the legal custody of the department of youth services for institutionalization in a secure facility pursuant to section 2152.13 or 2152.16 of the Revised Code, the court may order that all of the periods of commitment imposed under those sections for those acts be served consecutively in the legal custody of the department of youth services, provided that those periods of commitment shall be in addition to and commence immediately following the expiration of a period of commitment that the court imposes pursuant to division (A), (B), (C), or (D)(1) of this section. A court shall not commit a delinquent child to the legal custody of the department of youth services under this division for a period that exceeds the child's attainment of twenty-one years of age."
 {¶ 12} When imposing consecutive sentences on an adult offender, R.C.2929.14(E)(4) requires the trial court to make statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. This requirement is not necessary when sentencing juvenile offenders to consecutive sentences. Appellant contends that for purposes of consecutive sentencing, adults and juveniles are like classes under like circumstances and therefore, courts should treat them similarly. We disagree.
 {¶ 13} It is well established that it is constitutionally permissible for juveniles to be treated differently from adults in the eyes of the law. In re Gillespie, 150 Ohio App.3d 502, 508. As stated by the United States Supreme Court in In re Gault (1967), 387 U.S. 1, 14,87 S.Ct. 1428, 1436, 18 L.Ed.2d 527: "[f]rom the inception of the juvenile court system, wide differences have been tolerated — indeed insisted upon — between the procedural rights accorded to adults and those of juveniles." For example, certain basic constitutional protections afforded adults, such as the right to counsel, the privilege against self-incrimination, and freedom from double jeopardy, are applicable to juvenile proceedings. Schall v. Martin (1984), 467 U.S. 253, 263,104 S.Ct. 2403, 81 L.Ed.2d 207. "But the Constitution does not mandate elimination of all differences in the treatment of juveniles. * * * The State has `a parens patriae interest in preserving and promoting the welfare of the child,' * * * which makes a juvenile proceeding fundamentally different from an adult criminal trial." Id
 {¶ 14} As recently noted by the Eighth District Court of Appeals in InRe J.H., 8th Dist. No. 85753, 2005-Ohio-5694, the objectives of the juvenile justice system differ from those of the adult criminal justice system. For juvenile offenders, the state's objectives focus on protection, development and rehabilitation. Specifically, R.C. 2152.01(A) provides:
 {¶ 15} "The overriding purposes for dispositions under this chapter are to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender."
 {¶ 16} The state's objective with regard to adult offenders can be found in R.C. 2929.11(A) which states: "[T]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 17} Given the distinct purposes behind the juvenile justice system and the adult justice system, we can only conclude that juveniles adjudicated delinquent and adults convicted of a crime are not groups that are similarly situated. Accordingly, R.C. 2152.17(F) does not violate the guarantee of equal protection for failing to require that the court make findings before imposing a maximum sentence. See, also, In reR.L., 8th Dist. Nos. 84543, 84545, 84546, 2005-Ohio-26 and In re Slater,
9th Dist. Nos. 04CA0004, 04CA0005, 2004-Ohio-4961. Appellant's first assignment of error is not well-taken.
 {¶ 18} In his second assignment of error, appellant contends that the court erred in failing to hold a hearing to determine whether or not he was able to pay the court costs imposed by the court. Appellant also contends that the court erred in failing to consider community service in lieu of financial sanctions.
 {¶ 19} Courts may impose financial sanctions upon juveniles who have been adjudicated delinquent. R.C. 2152.20. R.C. 2152.20(C) provides that "[t]he court may hold a hearing if necessary to determine whether a child is able to pay a sanction[.]
 {¶ 20} R.C. 2152.20(C) does not require the juvenile court to hold such a hearing; it only makes clear that the juvenile court has the discretion to do so. We find that the trial court did not err by declining to exercise that discretion. In re C.P., 9th Dist. Nos. 04CA008534, 04CA008535, 2005-Ohio-1819. With regard to appellant's claims regarding community service, R.C. 2152.20(D) provides:
 {¶ 21} "[I]f a child who is adjudicated a delinquent child is indigent, the court shall consider imposing a term of community service under division (A) of section 2152.19 of the Revised Code in lieu of imposing a financial sanction under this section."
 {¶ 22} According to appellant's probation officer who testified at the dispositional hearing, appellant had exhausted "all community resources" and she advised that appellant could "no longer be maintained in the community." In sentencing appellant, the judge expressed his frustration that appellant had failed to avail himself of the many rehabilitation programs the juvenile court offered him. The court noted that appellant "thumbed [his] nose" at "every dispositional alternative and order that was placed on [him]." The judge stated that appellant's case was "one of these sad circumstances where safety of the community [ends] up being more important * * *." While the judge in this case never expressly mentioned the possibility of community service in lieu of court costs, it is clear from the transcript that the court considered many options for appellant, which no doubt included community service, but quickly dismissed those options because of appellant's past history. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 23} In his third assignment of error, appellant contends he was denied effective assistance of counsel. To establish an ineffective assistance of counsel claim, appellant must show that counsel's performance fell below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus (Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 followed.) "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, supra, at paragraph three of the syllabus. Ohio law presumes a licensed attorney is competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142, quoting Strickland, supra, at 689.
 {¶ 24} Appellant contends his counsel was ineffective in failing to object to the court sentencing him consecutively and to the imposition of court costs. Given our disposition of appellant's first two assignments of error, we find appellant's arguments to be without merit.
 {¶ 25} Appellant also contends that his counsel failed in their duty to zealously advocate for their client in that they did not argue for a lesser sentence. The record in this case shows that appellant has a lengthy juvenile court history which includes violence. The record also shows that numerous attempts to help appellant through social service agencies had failed before the court finally incarcerated him. While counsel clearly expressed frustration with appellant, ("[I] would hope that there [will] come a time where [appellant] realizes that being incarcerated is not what he wants out of the rest of his life * * *") we do not agree that he was denied zealous representation. Both of appellant's attorneys seemed well acquainted with appellant's criminal past and his reoccurring behavioral problems. Even so, one of his attorneys asked that appellant's case be reviewed in six months for possible resentencing to a treatment facility. His other attorney asked the court to consider early release in the event appellant proved to be a good candidate. Based on our review of the transcript in this case, we cannot say that appellant's counsel fell below an objective standard of reasonable representation. Appellant's third assignment of error is found not well-taken.
 {¶ 26} On consideration whereof, this court finds appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, Singer, and Parish, concur.