[Cite as *In re D.L.*, 2018-Ohio-2161.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: D.L. | : | APPEAL NOS. C-170152 |
|  |  | C-170153 |
|  | : | C-170154 |
|  |  | TRIAL NOS. 16-5843Z |
|  | : | 16-7533Z |
|  |  | 16-7534Z |
|  | : |  |
|  |  | *O P I N I O N.* |
|  | : |  |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed in C-170152 and C-170153;
                                   Appeal Dismissed in C-170154

Date of Judgment Entry on Appeal: June 6, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee, State of Ohio

*Timothy Young*, Ohio Public Defender, and *Victoria Bader*, Assistant State Public Defender, for Appellant D.L.

**ZAYAS, Judge.**

{¶1} D.L. appeals his dispositions following his admission to conduct that, if committed by an adult, would have constituted two felonious assaults, each with two firearm specifications, one for having a firearm on his person in violation of R.C. 2941.141 and one for using a firearm to facilitate the offense under R.C. 2941.145. The juvenile court imposed a one-year commitment to The Ohio Department of Youth Services ("DYS") and an additional one-year commitment for using a firearm to facilitate the offense for each felonious-assault offense. D.L. alleges that the commitments on multiple firearm specifications violate his double-jeopardy and equal-protection rights, and that his trial counsel was ineffective for failing to object on the basis that the dispositions were unconstitutional. We affirm the judgments of the juvenile court in the cases numbered C-170152 and C-170153.

{¶2} In the appeal numbered C-170154, D.L. appealed his receiving-stolen-property adjudication, but did not raise any assignments of error regarding that adjudication or disposition. Therefore, we dismiss that appeal as abandoned.

### Facts and Procedural History

{¶3} On August 23, 2016, a complaint was filed alleging D.L. was delinquent for receiving stolen property, a felony of the fourth degree if committed by an adult. On November 7, 2016, two additional complaints were filed, charging him with two counts of felonious assault, felonies of the second degree if committed by an adult, each with two gun specifications.

{¶4} D.L. admitted to all of the charges. Both of the felonious-assault offenses occurred on November 6, 2016. D.L. fired multiple shots at Keyala White's vehicle while she was driving. One of the bullets struck her car, and one of the bullets struck Jonathan Blazar, an innocent bystander.

2

{¶5} At the disposition, the trial court committed D.L. to DYS for one year on the felonious-assault offense against White and one year for the gun specification under R.C. 2941.145, one year for the felonious-assault offense against Blazar and one year for the gun specification under R.C. 2941.145, and six months on the receiving-stolen-property offense. The commitments were ordered to be served consecutively, resulting in an aggregate minimum commitment of four and one-half years in DYS, with the maximum commitment lasting until D.L. turned 21 years old.

{¶6} D.L.'s counsel objected to the imposition of two commitments for the firearm specifications. He argued that the court could only impose one commitment because the shots were fired as part of the same act or transaction.

{¶7} D.L. now appeals, arguing that multiple commitments on the firearm specifications violated his double-jeopardy and equal-protection rights, and that his counsel was ineffective for failing to object on constitutional grounds.

### Relevant Statutes

{¶8} R.C. 2929.14(B) is the adult felony-sentencing statute that governs sentences for gun specifications. A trial court is required to impose a prison term of three years when the offender used a firearm to facilitate the offense. R.C. 2929.14(B)(1)(a). Generally, "a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." R.C. 2929.14(B)(1)(b).

{¶9} Dispositions for juvenile specifications are governed by R.C. 2152.17. Under R.C. 2152.17(A)(2), if the juvenile court finds that the child used a weapon to facilitate the offense, then "the court shall commit the child to the department of youth services for the specification for a definite period of not less than one and not more than three years," in addition to the commitment for the underlying offense. A

commitment for a specification "cannot exceed[ ] five years for any one delinquent act." R.C. 2152.17(E). Unlike the adult statute, R.C. 2152.17(E) allows the juvenile court to impose multiple dispositions even if the offenses were part of the same act or transaction.

### Double Jeopardy

{¶10} In his first assignment of error, D.L. argues that R.C. 2152.17(E) violates the Double Jeopardy Clause because it allows the juvenile court to impose multiple, cumulative commitments for firearm specifications when the underlying offenses are committed as part of the same incident. D.L. further contends that R.C. 2929.14(B)(1)(b), which prohibits cumulative punishment for adults convicted of multiple firearm specifications when the underlying felonies are "committed as part of the same act or transaction," must be applied to juveniles to protect their double-jeopardy rights.

{¶11} D.L. did not raise this issue below, and the failure to raise a constitutional issue at the trial level acts as "a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277 (1989), syllabus. "We may, in our discretion, review the issue of the statute's constitutionality for plain error." *State v. Flannery*, 1st Dist. Hamilton No. C-140426, 2015-Ohio-1360, ¶ 7, citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶12} Because D.L. did not raise the issue below, we review for plain error. *See In re J.T.* at ¶ 15.

{¶13} It is well established that firearm specifications are penalty enhancements, not offenses. *See State v. Adams*, 1st Dist. Hamilton No. C-120059, 2013-Ohio-926, ¶ 34, citing *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945

N.E.2d 498, paragraph one of the syllabus. "Like other enhancement statutes, firearm specifications do not implicate the Double Jeopardy Clause because they enhance the punishment for the underlying offense and do not place the juvenile in jeopardy twice." (Citations omitted.) *In re J.T.* at ¶ 20.

{¶14} Because we find that R.C. 2152.17(E) does not violate the Double Jeopardy Clause, we overrule the first assignment of error.

### *Equal Protection*

{¶15} Next, D.L. contends that R.C. 2152.17(E) violates his equal-protection right because the adult statute prohibits multiple sentences for gun specifications if the felonies are committed as part of the same act or transaction. A "transaction" has been defined as "a series of continuous acts bound together by time, space, and purposes, and directed toward a single objective." *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994). When multiple gunshots are fired in rapid succession resulting in multiple victims, the offenses are part of the same transaction. *State v. Young*, 2d Dist. Montgomery No. 23642, 2011-Ohio-747, ¶ 55. Because D.L.'s offenses were part of a single transaction, he argues that juveniles receive less protection from cumulative sentences in violation of his right to equal protection.

{¶16} D.L. did not object to the dispositions on equal-protection grounds during the juvenile court proceedings. Therefore, this court reviews the trial court's decision for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2.

{¶17} The Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." "The Equal Protection Clause does not require that a state never distinguish between citizens,

but only that the distinctions made are not arbitrary or invidious." *In re Z.S.*, 12th Dist. Clermont Nos. CA2005-02-010 and CA2005-02-011, 2005-Ohio-7033, ¶ 17.

{**¶18**} Statutes are presumed constitutional, unless a constitutional violation is shown beyond a reasonable doubt. *Conley v. Shearer*, 64 Ohio St.3d 284, 289, 595 N.E.2d 862 (1992). Courts must employ all rules of construction to uphold a statute whenever possible. *Id.*

{**¶19**} Legislation that distinguishes based on age is subject to the rational-basis test. *See State v. McKinney*, 2015-Ohio-4398, 46 N.E.3d 179, ¶ 27 (1st Dist.). The rational-basis test "requires us to uphold the statutes if they are rationally related to a legitimate government purpose * * * ." *State v. Aalim*, 150 Ohio St.3d 486, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 34. Under rational-basis review, Ohio courts have consistently found a reasonable basis to sentence juveniles differently than adults. *See In re J.T.*, 2017-Ohio-7723, 85 N.E.3d 763, ¶ 32. "A rational basis exists for sentencing juveniles in a 'different fashion' than adults because the purposes of felony sentencing and juvenile sentencing are different, and juvenile courts are given wider discretion in the early release of offenders." *In re Z.S.* at ¶ 27. Distinctions between juveniles and adults are permitted with respect to incarceration and detention. *In re Chappell*, 164 Ohio App.3d 628, 2005-Ohio-6451, 843 N.E.2d 823, ¶ 46 (7th Dist.).

{**¶20**} The juvenile system "provide[s] for the care, protection, and mental and physical development of children." *Id.* at ¶ 49. The state has a legitimate interest in "rehabilitating the juvenile as well as protecting the public." *In re J.T.* at ¶ 34. Consistent with this purpose, R.C. 2152.17(E) promotes the state's objective of protection, development, and rehabilitation of juveniles. Accordingly, we overrule his second assignment of error.

### *Ineffective Assistance of Counsel*

{¶21} In his third assignment of error, D.L. asserts that his counsel was ineffective in failing to raise the constitutional issues addressed in the first and second assignments of error.

{¶22} To establish a claim for ineffective assistance of counsel, the appellant has the burden of demonstrating that (1) the performance of defense counsel was seriously flawed and deficient, and (2) there is a reasonable probability that the result of the proceeding would have been different had defense counsel provided proper representation. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶23} Since we have found no constitutional violations, we cannot conclude that D.L. received ineffective assistance in counsel's failure to object to the dispositions on double-jeopardy and equal-protection grounds. We overrule his third assignment of error.

### *Conclusion*

{¶24} We affirm the judgment of the juvenile court in the appeals numbered C-170151 and C-170152, and we dismiss the appeal numbered C-170153.

Judgment accordingly.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
 The court has recorded its own entry this date.

7