[Cite as *In re S.N.*, 2020-Ohio-3958.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: S.N. | : | APPEAL NOS. C-190151 |
| | | C-190152 |
| | : | TRIAL NOS. 18-0543z |
| | | 17-0248z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 5, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin,* Assistant Prosecuting Attorney, for Appellee State of Ohio,

*The Office of the Ohio Public Defender* and *Lauren Hammersmith*, Assistant State Public Defender, for Appellant S.N.

**WINKLER, Judge.**

{¶1} In these appeals, S.N. challenges two judgments of the Hamilton County Juvenile Court adjudicating him delinquent and committing him to the custody of the Department of Youth Services ("DYS"). For the reasons that follow, we hold that the juvenile court erred in accepting S.N.'s admission to violating probation in S.N.'s delinquency case related to child endangering. As to S.N.'s delinquency case related to rape, we overrule S.N.'s assignments of error and affirm the judgment of the juvenile court.

## Background and Procedure

{¶2} In August 2017, the juvenile court adjudicated S.N. delinquent for acts that, if committed by an adult, would constitute the offense of child endangering. The juvenile court imposed a suspended commitment to DYS, and placed S.N. on community control. Beginning in September, the state alleged that S.N. committed several probation violations.

{¶3} On March 30, 2018, the state filed a separate delinquency complaint alleging that S.N. had committed acts that, if committed by an adult, would constitute the offense of rape. S.N.'s younger cousin, M.B., alleged that S.N. had raped him years earlier while at their mutual grandmother's home. S.N.'s rape case proceeded to trial before the magistrate.

{¶4} In the midst of S.N.'s rape trial, the magistrate questioned S.N., S.N.'s hired counsel, and the state regarding S.N.'s pending probation violations in S.N.'s child-endangering case. S.N.'s counsel told the magistrate that S.N. had only hired her to represent him on the delinquency complaint for rape, and not the child-endangering case. Despite counsel's assertion that she did not represent S.N. in the

child-endangering case, the magistrate continued to question the parties regarding the pending probation violations. The magistrate determined that a July 20, 2018 probation violation had not yet been adjudicated, and the probation officer told the court that the July 20 violation dealt with S.N.'s failure to notify probation that he had not been living with his grandfather. The magistrate then asked S.N. if he admitted or denied the allegations. S.N. responded that he admitted them.

{¶5} The magistrate entered a decision stating that S.N. admitted to the July 20 probation violation, that S.N. was represented by counsel, and that S.N. should be adjudicated delinquent for the probation violation. S.N. did not file objections, and the juvenile court adopted the magistrate's decision.

{¶6} At the conclusion of S.N.'s trial on the state's delinquency complaint for rape, the magistrate entered a decision adjudging S.N. delinquent on October 26, 2018. The magistrate scheduled a hearing in S.N.'s rape case for November 1, 2018. According to the docket, S.N.'s hired counsel failed to appear at the November 1 hearing. S.N., his grandfather, and the prosecutor were present at the hearing. The magistrate continued the matter until November 15, 2018. Meanwhile, on November 13, 2018, the juvenile court adopted the magistrate's decision and adjudicated S.N. delinquent of rape.

{¶7} On November 15, 2018, the magistrate entered an order permitting S.N.'s counsel to withdraw in the rape case. That same day, S.N.'s counsel filed a motion to withdraw, which stated that her representation of S.N. was "for the trial only[.]" The following day, the magistrate appointed a public defender for S.N.

{¶8} S.N.'s appointed counsel filed objections to the magistrate's decision in the rape case, along with a motion requesting permission to file objections out of time. The juvenile court rejected S.N.'s motion to file objections out of time, and

held a dispositional hearing on both of S.N.'s cases. The juvenile court invoked S.N.'s suspended commitment to DYS in the child-endangering case. The juvenile court also committed S.N. to DYS for an indefinite period of 36 months, not to exceed his 21st birthday, in the rape case.

{¶9} These appeals by S.N. ensued.

## Probation Revocation

{¶10} We address S.N.'s third assignment of error first, because we determine that it is dispositive of his appeal from the revocation of his probation in the underlying child-endangering case. In his third assignment of error, S.N. argues that the juvenile court erred in accepting his admission to the July 20 probation violation.

{¶11} A juvenile's admission to a probation violation is treated as an adjudicatory hearing on a delinquency complaint, and, as such, juveniles facing revocation of probation are entitled to certain due-process rights, which are embodied in Juv.R. 29. *In re L.A.B.*, 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471.

{¶12} Juv.R. 29(D) provides:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the

4

party, to remain silent, and to introduce evidence at the adjudicatory hearing.

{¶13} A magistrate's failure to substantially comply with Juv.R. 29 is plain error. *In re Etter*, 134 Ohio App.3d 484, 493, 731 N.E.2d 694 (1st Dist.1998).

{¶14} Moreover, juveniles have the right to the representation of counsel at all stages of a juvenile-court proceeding, including revocation of probation. Juv.R. 35(B); R.C. 2151.352; Juv.R. 4. Juveniles may waive the right to counsel, but only after a voluntary, knowing, and intelligent waiver. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 106.

{¶15} In accepting S.N.'s admission to the July 20 probation violation, the magistrate did not ensure that S.N. understood the consequences of his admission, nor did the magistrate explain any constitutional rights that S.N. would be waiving. The record also shows that S.N. was not represented by counsel at the time he entered his alleged admission to the probation violation, because his counsel told the magistrate that she represented S.N. only as to the rape case, and not on the probation violation in the child-endangering case.

{¶16} The state concedes that the magistrate erred in accepting S.N.'s admission to the July 20 probation violation. Nevertheless, the state argues in a footnote that S.N.'s admission to a November 30, 2017 probation violation can serve as the basis of the revocation and subsequent DYS commitment. We disagree that the November 30, 2017 admission can serve as the basis of the commitment, because the record is unclear as to which admission served as the basis for the juvenile court's revocation of S.N.'s probation.

{¶17} Because the juvenile court erred in accepting S.N.'s admission to the July 20 probation violation, we sustain S.N.'s third assignment of error.

5

**Rape Adjudication**

**{¶18}** S.N.'s first and second assignments of error challenge his rape adjudication. In his first assignment of error, S.N. argues that he received ineffective assistance of counsel with regard to his delinquency complaint for rape. S.N.'s second assignment of error asserts that his rape adjudication was against the manifest weight of the evidence, because M.B.'s rape allegations were not credible.

**{¶19}** As an initial matter, we note that S.N.'s counsel failed to file objections to the magistrate's decision. If no objections are filed to a magistrate's decision, the trial court can adopt the magistrate's decision, unless it determines that an error of law or other defect exists on the face of the decision. Juv.R. 40(D)(4)(c). Furthermore, without a transcript of the evidence before the magistrate, the trial court can adopt a magistrate's factual findings. *In re V.H.*, 8th Dist. Cuyahoga No. 107599, 2019-Ohio-3097, ¶ 29. Along that same vein, although S.N.'s appellate counsel has filed a transcript of the trial before the magistrate with this court, we cannot consider the transcript to review factual findings when the transcript was never filed in the trial court. *See id.* at ¶ 30.

**{¶20}** Nevertheless, even if a party fails to file objections with the trial court, that party can raise claims of plain error on appeal. Juv.R. 40(D)(3)(b)(iv). Claims of ineffective assistance of counsel are considered claims of plain error that are not waived by the failure to file objections to the magistrate's decision. *In re Z.C.*, 12th Dist. Warren No. CA2005-06-065, 2006-Ohio-1787, ¶ 21. Therefore, we can review the evidence submitted at the trial before the magistrate for purposes of determining S.N.'s ineffective-assistance claim. *See In re Comer*, 10th Dist. Franklin No. 96APF11-1571, 1997 WL 596286 (Sep. 23, 1997).

{¶21} The same standard used to establish ineffective assistance of counsel in adult criminal proceedings also applies in juvenile-delinquency proceedings. *In re D.L.*, 1st Dist. Hamilton No. C-170152, 2018-Ohio-2161, ¶ 22. To prove ineffective assistance of counsel in the criminal setting, the defendant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶22} S.N. points to several alleged deficiencies by his trial counsel, but he argues that counsel erred in three main ways. First, S.N. argues that his trial counsel failed to secure the presence of three subpoenaed officers who had investigated M.B.'s rape allegations. We are unable to discern from the state of this record whether counsel's failure to secure the officers' presence amounted to ineffective assistance, because the record does not indicate what the officers' testimony might have been. Therefore, we cannot say that counsel's actions amounted to deficient performance.

{¶23} Second, S.N. argues that his counsel erred in allowing the state to recall M.B.'s mother as a witness in rebuttal. The transcript shows that the state called M.B.'s mother as a witness in its case-in-chief. M.B.'s mother testified as to M.B.'s disclosure of S.N.'s alleged abuse, and her belief that the incident occurred in 2012, when M.B. was five years old. At the conclusion of the state's case, S.N.'s counsel objected to M.B.'s mother's continued presence, but the magistrate overruled the objection. S.N.'s counsel then called S.N.'s grandfather as a defense witness. S.N.'s grandfather testified that in 2012, S.N.'s grandmother did not live at the address as testified to by the state's witnesses. On rebuttal, the state recalled M.B.'s

7

mother, and S.N.'s counsel did not renew the objection. M.B.'s mother admitted that she may have been mistaken as to the grandmother's address, but she maintained in her rebuttal testimony that the incident occurred in 2012. Because M.B.'s mother's testimony did not change in any material way from direct to rebuttal, her presence during the defense's case did not prejudice S.N.

{¶24} Finally, S.N. argues that counsel's failure to file objections to the magistrate's decision was deficient. In this case, the magistrate entered her decision adjudicating S.N. delinquent of rape on October 26, 2018. On November 1, S.N.'s counsel failed to appear before the magistrate at a scheduled hearing. In the meantime, on November 13, the juvenile court adopted the magistrate's decision and adjudicated S.N. delinquent. Two days after the juvenile court adjudicated S.N. delinquent, and after the 14-day objection period had passed, S.N.'s counsel moved to withdraw, stating that her representation was "for trial only."

{¶25} Because S.N. did not file objections, the juvenile court's independent review of the magistrate's decision was limited to errors of law and those evident on the face of the decision itself. *See* Juv.R. 40(D)(4)(c). Although we agree that counsel's failure to file objections amounted to deficient performance in this case, we cannot agree that counsel's failure to file objections caused him prejudice.

{¶26} S.N.'s main contention with regard to the rape adjudication lies with the credibility of the victim, M.B. S.N. argues that M.B.'s allegations came to light only after he had been caught engaging in inappropriate sexual conduct himself. S.N. points to several inconsistencies in M.B.'s statements to police, to the Mayerson Center staff, and at trial. S.N. argues that M.B.'s inconsistent statements, M.B.'s young age at the time of the incident, and M.B.'s motivation to lie demonstrate that M.B.'s rape allegations are not credible. We disagree. M.B. maintained throughout

the investigation and at trial that S.N. had forcibly performed anal sex on him in his grandmother's home. The magistrate acknowledged M.B.'s inconsistencies, but yet still found M.B. credible with regard to the material issue of whether the rape had occurred. Therefore, because we determine S.N.'s credibility argument to be without merit, S.N. was not prejudiced by his counsel's failure to file objections to the magistrate's decision.

{¶27} In sum, S.N. has not established ineffective assistance of counsel on this record, and we overrule S.N.'s first and second assignments of error.

### Conclusion

{¶28} Having overruled S.N.'s first and second assignments of error challenging his delinquency adjudication for rape, we affirm the judgment in the case numbered 18-543z. In the case numbered 17-248z, we determine that the magistrate erred in accepting S.N.'s admission to the July 20 probation violation. We reverse the judgment of the juvenile court revoking S.N.'s probation and imposing a suspended commitment to DYS, and we remand the matter for further proceedings.

Judgments affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
The court has recorded its own entry this date.